**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| AKBAR ZAIDI, ) | |
| ) | **COMPLAINT** |
| Plaintiff, ) | |
| v. ) | Case No.: 4:21-cv-1136 |
| ) | |
| THE BANK OF MISSOURI ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff Akbar Zaidi, by and through the undersigned counsel, and for his Complaint against Defendant, The Bank of Missouri ("BOM"), Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., states as follows:

**JURISDICTION AND VENUE**

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1681.

2. Venue is proper because the acts and transactions occurred here, Defendant is incorporated here, Defendant has its headquarters here, and Defendant transacts business here.

3. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

4. Plaintiff resided in the city of Johns Creek, a part of Fulton County, Georgia 30097.

**5.** Defendant is an institution based in the State of Missouri and has its principal place of business in Perryville, Missouri.

**STANDING**

6. Plaintiff has a congressionally defined right to receive all communications from a debt

1

collector free from any misrepresentations and false threats.

7. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

8. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

9. Plaintiff, Akbar Zaidi, (hereafter "Plaintiff"), is a natural person residing in the State of Georgia during the acts and omissions that gave rise to this cause of action.

10. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

11. Defendant BOM is a Missouri institution with its principal offices at 916 North Kings Highway, Perryville, MO 63775.

12. Defendant BOM is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

## FACTUAL ALLEGATIONS

13. On or about January 2018 Plaintiff discovered that his identity was stolen in late 2017.

14. Plaintiff filed a police report on January 16, 2018. **Exhibit A**.

15. Plaintiff discovered that a Total Visa card was issued by Defendant to the fraudulent individual.

2

16. Plaintiff discovered that two payments were made to Defendant on $250.00 and $232.29.

17. Plaintiff disputed these charges with Capital One and Capital One verified that these charges were fraudulent and made to a fraudulent card.

18. Plaintiff, on or about, January 30, 2018, contacted Defendant's fraud department and advised that he did not apply or use a Total Visa card through the BOM.

19. Plaintiff included a copy of the police report verifying his statements in his dispute.

20. The police department additionally attempted to reach out to Defendant directly. **Exhibit A**.

21. Plaintiff, on or about December 2020, applied to a mortgage company to refinance his home loan, with the intent to refinance his two homes.

22. Defendant was reporting two accounts to Plaintiff's credit for the two accounts Plaintiff had advised and proved were fraudulent.

23. Plaintiff disputed the alleged debt with both Defendant and National Credit Adjusters, LLC.

24. National Credit Adjusters, at that point, closed the account and removed it from Plaintiff's credit because it was clearly a fraudulent account.

25. Defendant refused to assist Plaintiff in removing the alleged debt from Plaintiff's credit.

26. Defendant advised that it sold Plaintiff's account to JTM Capital, despite the account clearly being fraudulent. Defendant continued to report the alleged debt.

27. On February 17, 2021, Plaintiff disputed the alleged debt with both Equifax Information Services, LLC and Trans Union, LLC.

28. Defendant replied that the alleged debt is valid and that Plaintiff is liable for the alleged debt. **Exhibit B.**

29. Defendant continues to report the erroneous debt, despite having clear evidence of identity theft.

30. Defendant, as a data furnisher, has a duty to avoid reporting knowingly false information to the credit report.

31. Defendant, as a data furnisher, has a duty to fully investigate a dispute once Plaintiff disputed the alleged debt with the credit reporting agency.

32. Defendant was sent the police report and all necessary evidence asserting the account was incorrect.

33. Defendant, though, continues to report this false account as a charge off.

34. Defendant failed to perform a proper investigation into Plaintiff's dispute.

35. Plaintiff has been unable to refinance his two homes due to this incorrect and erroneous reporting. **Exhibit C**.

36. Plaintiff wished to refinance the loan on his John's Creek home in order to cash out $65,000.00, in addition to refinance his 3.375 percent, 30-year rate, to a 1.75 percent, 15-year rate.

37. Plaintiff was unable to receive the equity in his home and was unable to lower his interest rate and length of his loan due to this erroneous credit reporting.

38. Plaintiff wished to take a mortgage out on his fully paid Norcross home worth approximately $385,000.00. Had his credit not been damaged by BOM, he would have been able to cash out the maximum 80 percent allotted, or $308,000.00.

39. Plaintiff has been unable to cash out this equity in order to re-invest his money.

40. Plaintiff has lost the income in the form of interest on his investments, as BOM has negatively and severely impacted his credit.

41. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation and the actual damages associated with not being able to refinance his homes.

42. Plaintiff would have pursued a different course of action had Defendants not violated the statutory protections created by Congress.

43. Plaintiff attempted to pursue his right yet was left with no actual knowledge as to how to proceed based on Defendants' actions.

44. Defendants' denial of Plaintiff's rights caused harm in the form of impaired credit, no plausible way of ascertaining the status the account in order to make a rational determination as to how to proceed and forcing him to make financial decisions based on misinformation and engage in financial planning based on incorrect facts.

45. Defendant's actions caused Plaintiff to suffer the actual damages of the value he would have been able to take out in his home but for Defendant's improper reporting.

46. All of Defendants' actions and violations of the FCRA complained of here occurred within two years of the date of this Complaint.

47. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

48. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendants.

49. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

### Count I: Violation Of 15 U.S.C. § 1681s-2(b) of the FCRA- Duty to Correct and Update Information

50. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

51. Defendant violated 15 U.S.C. § 1681s-2b by failing to conduct an investigation with respect to the disputed information after being notified by the credit reporting agencies of such a dispute.

52. Defendant failed to review all relevant information, failed to conduct an investigation, and failed to report accurate results of an investigation.

53. Defendant, had it conducted a review of the relevant information, would have found that the information was both incomplete and inaccurate, and thus failed to report proper information to the three credit bureaus.

54. As a result of this conduct, action and inaction of Defendant, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

55. Defendant conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recovery actual damages under 15 U.S.C. § 1681o.

56. The Plaintiff is entitled to recovery costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Akbar Zaidi, prays that this Court:

A. Declare that Defendant's credit reporting actions violate the FCRA;

B. Enter judgment in favor of Plaintiff Akbar Zaidi and against Defendant, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

6

      C.    Or, in the alternative, enter judgment in favor of Plaintiff, and against Defendant, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

      D.    Grant other such further relief as deemed just and proper.

## JURY DEMAND

57. Plaintiff demands a trial by jury on all Counts so triable.

Dated: September 20, 2021

Respectfully Submitted,

**HALVORSEN KLOTE**

By:   /s/ Samantha J. Orlowski

Samantha J. Orlowski, #72058
Joel S. Halvorsen, #67032
680 Craig Road, Suite 104
St. Louis, MO 63141
P: (314) 451-1314
F: (314) 787-4323
sam@hklawstl.com
joel@hklawstl.com
*Attorney for Plaintiff*